UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO:

DAWN GADDIS,

    Plaintiff,

v.

THE BEACH PIT RESTAURANT, INC., a
Florida for-profit corporation, MICHAEL CANNON,
individually, and JOHNNY CADRIEL, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, DAWN GADDIS ("GADDIS"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, THE BEACH PIT RESTAURANT, INC. a Florida for-profit corporation, (hereinafter, "BEACH PIT"), MICHAEL CANNON, individually (hereinafter, "CANNON"), and JOHNNY CADRIEL, individually, (hereinafter, "CADRIEL"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA"); and, unpaid minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, BEACH PIT

was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Upon information and belief, during the relevant time period, BEACH PIT had an annual gross volume of sales made or business done of not less than $500,000.00.

4. The Defendants, BEACH PIT, CANNON and CADRIEL, are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

5. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern District of Florida.

## VENUE

6. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in Franklin County, Florida, in the Northern District of Florida;

   b. Defendants were and continue to be a Florida corporation and individuals doing business within this judicial district.

## PARTIES

7. At all times material hereto, Plaintiff, GADDIS, was and continues to be a resident of St. George Island, Franklin County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, Defendants were the employers of Plaintiff, GADDIS.

9. At all, times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

10. At all times material hereto, BEACH PIT failed to pay Plaintiff, GADDIS her lawfully earned wages in conformance with the FLSA.

11. At all times material hereto, Defendants, BEACH PIT was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiff, GADDIS, was directly essential to the business performed by the Defendants.

13. Plaintiff, GADDIS, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. On or about March 1, 2015, Plaintiff, GADDIS was hired as a server (waitress) at the Defendants' restaurant. Her employment ended on about July 25, 2019.

15. During Plaintiff, GADDIS' employment, BEACH BIT availed itself to an FLSA "tip credit" and paid GADDIS below both the Florida and federal minimum wage.

16. During the Plaintiff's employment, BEACH PIT did not allow the Plaintiff to retain all her tips.

17. Moreover, for tips left by customers on take-out orders, BEACH PIT and/or the other Co-Defendants, retained Plaintiff's tips (and the tips of other employees) for itself/themselves.

18. Upon information and belief, BEACH PIT and or the other Defendants charged the Plaintiff credit card processing fees at a rate that was higher than what was actually paid to their bank and/or credit card merchant account provider.

19. BEACH PIT failed to comply with the requirements for taking a "tip credit" under the FLSA.

20. Tips from customers that were put into a "tip jar" within the BEACH PIT restaurant, were retained by BEACH PIT and/or its owners.

21. During Plaintiff's employment, she was required to pay for her company uniform, which consisted of a "logo-style" shirt, bearing the name "Beach Pit."

22. During Plaintiff, GADDIS' employment, the Plaintiff sometimes worked over forty (40) hours per week.

23. Defendants operated their restaurant with a policy of not paying the full FLSA minimum wage or the proper overtime rate of time and one-half for hours worked in excess of the maximum hours provided by the FLSA, to the Plaintiff.

24. Defendants, MICHAEL CANNON and JOHNNY CADRIEL were supervisors and/or manager/owners who were involved in the day-to-day operations of BEACH PIT and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

25. Defendants, MICHAEL CANNON and JOHNNY CADRIEL were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, GADDIS.

26. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

27. Plaintiff realleges Paragraphs 1 through 26 as if fully stated herein.

28. Since Plaintiff's date of hire with BEACH PIT, in addition to Plaintiff, GADDIS' sometimes worked hour in excess of forty (40) per week for which she was not compensated at the correct statutory rate of time and one-half.

29. BEACH PIT utilized an incorrect mathematical rate for paying the Plaintiff for her hours in excess of forty-hours per week.

30. Plaintiff, GADDIS, was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

31. BEACH PIT failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by GADDIS in excess of the maximum hours provided for in the FLSA.

32. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, GADDIS, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

33. Defendants failed to properly disclose or apprise Plaintiff, GADDIS, of her rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, GADDIS, is entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, GADDIS, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

36. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, GADDIS, respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation;

c. Awarding Plaintiff liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

37. Plaintiff realleges Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

38. Plaintiff, GADDIS' employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

39. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

40. The FLSA, 29 U.S.C. § 203(m), allows an employer to pay less than the required minimum wage, by taking a "tip credit" in order to satisfy its minimum wage obligation.

41. BEACH PIT unlawfully availed itself to an FLSA "tip credit."

42. One or more of the Defendants retained Plaintiff's tips for itself/themselves.

43. The Defendants failed to properly inform the Plaintiff of BEACH PIT's intention to take a FLSA tip credit.

44. Defendants' failure to comply with the conditions for utilizing the "tip credit" invalidates the Defendants' ability to claim a "tip-credit" for Plaintiff, GADDIS.

45. Defendants failed to pay the Plaintiff the applicable minimum wage for all hours worked.

46. Defendants willfully refused to properly compensate Plaintiff, GADDIS for minimum wages in violation of the FLSA.

47. Defendants knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff, GADDIS.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. recoupment of all tips improperly withheld/retained by the Defendants;

c. liquidated damages;

d. attorney's fees and costs pursuant to the FLSA;

e. post-judgment interest; and

f. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT)

49. Plaintiff, GADDIS, realleges Paragraphs 1 through 26 as if fully stated herein.

50. Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiff, GADDIS was entitled to be compensated at no less than the state mandated minimum wage for all hours worked.

51. During Plaintiff, GADDIS' employment, Defendants paid her less than the statutory minimum wage for her work hours.

52. The Defendants acted willfully.

WHEREFORE, Plaintiff, GADDIS, respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the Florida minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff her tips that were unlawfully kept/retained by the Defendants;

d. Awarding Plaintiff liquidated damages;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

f. Awarding Plaintiff post-judgment interest;

g. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation; and,

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:  October 21, 2019.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: <u>s/. Peter J. Bober, Esq.</u>
     FBN:  0122955